[Civ. No. 16417. First Dist., Div. Two. Sept. 7, 1955.]

W. J. NACHLINGER, Appellant, v. J. S. WILLIAMS et al., Respondents.

David H. Adams for Appellant.

O. Vincent Bruno for Respondents.

NOURSE, P. J.—Plaintiff sued on three causes of action—two on oral promises to repay money loaned in the amounts of $2,500 and $1,000 respectively, the third on a common count for money had and received in the amount of $3,500. Along with fictitious defendants, four defendants were expressly named both individually and as partners doing business as Innerstate Construction Company. Two only—Williams and Griffith—were served. The other two, Hurd and Hull, were not served and hence no judgment was obtained against them. We will refer to the four parties above named as the defendants and to Williams and Griffith as the respondents.

After a trial to the court findings were made that plaintiff did not loan any money to the respondents and judgment in their favor was entered accordingly. The appeal is based on the ground that the evidence was insufficient to support the findings. It is contended that either the loans were proved or the amounts were advanced without any certain or valid agreement and can be recovered in an action for money had and received as unjust enrichment.

Respondents as witnesses denied that they had ever asked for or agreed to repay any loans from plaintiff. They testified in substance that Hurd and Hull together with a certain Puma had been in the business of erecting prefabricated homes manufactured by "General Panel Corporation." When their original firm was dissolved Hurd and Hull wished to continue this business with the cooperation of plaintiff and respondents. Respondent Williams, a real estate broker, would assist in procuring lots to erect homes on and in selling them. He would receive $100 a month for office and similar expenses and the normal sales commission of 5 per cent. Respondent Griffith, a licensed general contractor, would act as such and receive 10 per cent of the construction costs. The erection of homes, which would cost $8,500 would be financed by a construction loan of the Bank of America to an amount

of $6,000 and the balance of $2,500 would be supplied by plaintiff. The bank demanded that said balance should be deposited with it as a condition for the granting of the construction loan. Plaintiff furnished the $2,500 in a check in the name of Williams, which Williams deposited in his trust account and Williams immediately deposited a check of his in the same amount with the bank. For the furnishing of the money plaintiff would receive $200 (or $250) for each house sold. Said remuneration of plaintiff and respondents would not be paid out of profit only and they would not otherwise share in profits. Hurd and Hull would retain the profits over and above weekly salaries to be paid to them for doing actual construction work. The possibility of losses was not considered. It is undisputed that a draft of a partnership agreement between all five parties was prepared by the attorney Mr. Warburton, but that it was rejected by both plaintiff and respondents as not in accordance with their intentions and that no party signed it. Some time after plaintiff had furnished the first $2,500 respondent Williams demanded from Hurd and Hull refund of moneys he had advanced as deposits for building lots, telephone costs, etc., amounting to at least $1,000. For that purpose plaintiff gave a check of that amount in Williams' name which Williams cashed. Three homes were erected and sold, but both respondents suffered substantial losses because of failure to deliver, the bankruptcy of General Panel Corporation, and misconduct of Hull and Hurd in the management of the construction.

The above evidence fully supports the court's decision that respondents had not borrowed any money from plaintiff and were under no obligation to refund it. Their evidence justifies the inference, that they did not individually agree to borrow the money and that they were not partners of Hull and Hurd, having rejected the proposed partnership agreement and not sharing in the profits of the enterprise. They were not unjustly enriched by plaintiff's loans, respondent Griffith because he did not receive any part of the money paid in by plaintiff, respondent Williams because he did not receive the first $2,500 for his own account but for deposit in the bank and the last $1,000 as a reimbursement to which he was entitled.

Appellant's contention that the trial court should have followed the testimony of Attorney Warburton from his notes, contrary to that of respondent Williams, that all defendants

would share in the profits and that plaintiff would not share in profits or losses, is without merit. Such conflicts are for the trial court and moreover the weight of the testimony of Mr. Warburton was weakened by the fact that the agreement he prepared on the basis of his notes was rejected by the parties and that thereafter he had no further relations with them as to this matter.

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.

A petition for a rehearing was denied October 7, 1955, and appellant's petition for a hearing by the Supreme Court was denied November 3, 1955.